Henry, Bruce R., J.
Defendant U.S. Bank, National Association (“U.S. Bank”), joined by defendant 1-800-East-West Mortgage Company (“East-West”), moves to dismiss Counts 1 and 2 of the plaintiff William M. Doyle’s complaint, in which the plaintiff claims the defendants violated the Consumer Credit Cost Disclosure Act, G.L.c. 140D (Count 1), and the Predatory Home Loan Practices Act, G.L.c. 183C (Count 2). The defendants also move, in the alternative, for a more definite statement of the plaintiffs G.L.c. 140D claim. For the reasons stated below, the defendants’ motion to dismiss will be DENIED in part and ALLOWED in part with respect to Count 1 and DENIED with respect to Count 2. The defendants’ motion for a more definite statement will be DENIED.
BACKGROUND
The facts relevant to the instant motion, taken from the plaintiffs Verified Complaint, are as follows. The plaintiff and his wife own the subject property located at 2 Brandywine Circle, Douglas, Massachusetts, as tenants by the entirety. They purchased the property on August 30, 1996, for $153,050.00. Over the course of the next ten years, the plaintiff mortgaged the property several times. The plaintiff granted the mortgage at issue in the amount of $365,000.00 to East-West on August 28,2006. East-West later assigned the mortgage note (the “Note”) to U.S. Bank.
Pursuant to the Note, the plaintiff promised to make payments on the principal and interest of the Note on a monthly basis, with the scheduled due date being September 1, 2036. For the first twenty-four months, the interest rate was fixed at nine percent. After the twenty-fourth month, the interest rate was variable, to be calculated by adding five and one-half percentage points to the London Interbank Offered Rate. At some point in 2007, the plaintiff stopped making payments on his mortgage and filed for Chapter 7 bankruptcy.
The plaintiff attached and incorporated the following documents into his Verified Complaint: the Mortgage, signed August 28, 2006; the Assignment of Mortgage, dated January 18, 2008; the Note, dated August 28, 2006; the Uniform Residential Loan Application, not dated; the Settlement Statement, listing August 28, 2006, as the settlement date; the Truth-in-Lending Disclosure Statement, dated August 28, 2006; the Determination and Documentation of Borrower’s Interest Worksheet, not dated; the Borrower’s Certification & Authorization, not dated; the Uniform Underwriting and Transmittal Summary, dated August 28, 2006; and the Deed for 2 Brandywine Circle, Douglas, Massachusetts, naming William M. Doyle, Francine M. Doyle, and Paul Rummo as joint tenants, dated August 30, 1996.
DISCUSSION
To survive a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), a complaint must set forth the basis of the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Id., quoting Bell Atl. Corp., 550 U.S. at 555. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief. . .” Id., quoting Bell Atl Corp., 550 U.S. at 557.
A. Count 1: Truth-in-Lending Act
In Count 1, the plaintiff asserts that East-West violated the Consumer Credit Cost Disclosure Act, G.L.c. 140D, because it failed to provide the plaintiff with an accurate disclosure as required by G.L.c. 140D, §12, referred to as a Truth-in-Lending Statement. The plaintiff asserts his G.L.c. 140D, §10 right to rescind the loan in accordance with 209 Code Mass. Regs. §32.15(l)(c), which provides: “If the required notice and material disclosures are not delivered, the right to rescind shall expire four years after the occurrence giving rise to the right of rescission, or upon transfer of all of the consumer’s interest in the property, or upon sale of the property, whichever occurs first.”[2]
To the extent that Count 1 asserts the plaintiffs right to rescind for failure to make an accurate disclosure of items specified by G.L.c. 140D, §12 and 209 Code Mass. Regs. §32.06, the defendants’ motion to dismiss will be DENIED. The plaintiff, by incorporating into his Verified Complaint the Truth-in-Lending Statement and other documents, has put forth sufficient facts to state a claim for rescission on the ground that the statement provided to him on August 28, 2006, was inaccurate.
On the other hand, the complaint lacks any factual allegations giving rise to relief under G.L.c. 140D on grounds other than the inaccuracy of the August 28, 2006, Truth-in-Lending Statement incorporated into the plaintiffs Verified Complaint as Exhibit 6. Notably, the Verified Complaint does not include any factual allegations with respect to a cause of action arising out of an August 15, 2006, preliminary Truth-in-Lending Statement, referenced for the first time in the plaintiffs opposition to the defendants’ motions to dismiss. Therefore, to the extent that the plaintiff now argues that his Verified Complaint states a claim for relief under G.L.c. 140D on any grounds other than *204 the inaccuracy of the Truth-in-Lending Statement, the defendants’ motions to dismiss will be ALLOWED.
With respect to the defendants’ motion for a more definite statement, as the requirements for disclosure are clearly set forth in G.L.c. 140D, §12 and 209 Code Mass. Regs. §32.06 and the plaintiff has incorporated into his complaint a copy of the statement he alleges was provided to him, the plaintiffs claim that the statement failed to comply with the law is not so vague as to require a more definite statement. See Reporter’s Notes to Mass.R.Civ.P. 12 (noting a more definite statement is only appropriate in the “rare case” that the pleading is “so murky that it defies any intelligent response”).
B. Count 2: Predatory Home Loan Practices Act
The defendants move to dismiss the plaintiffs Predatory Home Loan Practices Act claim on the ground the loan at issue is not a “high cost home loan” subject to the Predatory Home Loan Practices Act.
Pursuant to G.L.c. 183C, §2, a first-lien home mortgage loan is a “high cost home mortgage loan” when “the annual percentage rate at consummation will exceed by more than 8 percentage points . . . the yield on United States Treasury securities having comparable periods of maturity to the loan maturity as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the lender . . .” General Laws c. 183C, §2 continues, “when calculating the annual percentage rate for adjustable rate loans, the lender shall use the interest rate that would be effective once the introductory rate has expired.”
The defendants contend the introductory interest rate expired after twenty-four months, at which point the maximum interest was twelve percent, which is less than eight percentage points in excess of the applicable yield on United States Treasury securities. The plaintiff, on the other hand, contends that the introductory interest rate did not end until the fifth year of the loan, at which point the interest rate could reach the maximum allowable interest rate of fifteen percent, which is so high as to qualify the loan as a “high cost home loan.” After consideration of the parties’ arguments, available case law, and the language of the statute, I conclude that the definition of “introductory rate” is not so well settled as to exclude the plaintiffs interpretation of the statute[3] and that the plaintiff has, therefore, stated a claim on which relief may be granted. The necessary statutory interpretation may be better suited to a motion for summary judgment.
For the foregoing reasons, the defendants’ motion to dismiss Count 2 will be DENIED.
ORDER
It is hereby ORDERED that the motion of the defendants U.S. Bank, National Association and 1-800-East-West Mortgage Company to dismiss Count 1 of the plaintiff’s Verified Complaint pursuant to Mass.R.Civ.P. 12(b)(6) is DENIED with respect to the plaintiffs claimed right to rescind for failure to make an accurate disclosure of items specified by G.L.c. 140D, §12 and 209 Code Mass. Regs. §32.06; and otherwise is ALLOWED.
It is hereby ORDERED that the motion of the defendants U.S. Bank, National Association and 1-800-East-West Mortgage Company to dismiss Count 2 of the plaintiff’s Verified Complaint pursuant to Mass.R.Civ.P. 12(b)(6) is DENIED.

Pursuant to 209 Code Mass. Regs. §32.15(l)(c), the “required notice and material disclosures” are those set forth in 209 Code Mass. Regs. §32.06, which provides:
The creditor shall disclose to the consumer, in terminology consistent with that to be used on the periodic statement, each of the following items, to the extent applicable:
(1) Finance Charge. The circumstances under which a finance charge will be imposed and an explanation of how it will be determined, as follows:
(a) A statement of when finance charges begin to accrue, including an explanation of whether or not any time period exists within which any credit extended may be repaid without incurring a finance charge. If such a time period is provided, a creditor may, at its option and without disclosure, impose no finance charge when payment is received after the time period’s expiration.
(b) A disclosure of each periodic rate that may be used to compute the finance charge, the range of balances to which it is applicable, and the corresponding annual percentage rate. When different periodic rates apply to different types of transactions, the types of transactions to which the periodic rates apply shall also be disclosed.
(c) An explanation of the method used to determine the balance on which the finance charge may be computed.
(d) An explanation of how the amount of any finance charge will be determined, including a description of how any finance charge other than the periodic rate will be determined.
(2) Other Charges. The amount of any charge other than a finance charge that may be imposed as part of the plan, or an explanation of how the charge will be determined.
(3) Security Interests. The fact that the creditor has or will acquire a security interest in the property purchased under the plan, or in other property identified by item or type.
(4) Statement of Billing Rights. A statement that outlines the consumer’s rights and the creditor’s responsibilities under 209 CMR 32.12(3) and 32.13 and that is substantially similar to the statement found in appendix G.
(5) Home Equity Plan Information. The following disclosures described in 209 CMR 32.05B(4) as applicable:
(a) A statement of the conditions under which the creditor may take certain action, as described in 209 CMR 32.05B(4)(d)l., such as terminating the plan or changing the terms.
(b) The payment information described in 209 CMR 32.05B(4)(e)l. and 2. for both the draw period and any repayment period.
(c) A statement that negative amortization may occur as described in 209 CMR 32.05B(4)(i).
(d) A statement of any transaction requirements as described in 209 CMR 32.05B(4)(J).
*205 (e) A statement regarding the tax implications as described in 209 CMR 32.05B(4)(k).
(f) A statement that the annual percentage rate imposed under the plan does not include costs other than interest as described in 209 CMR 32.05B(4)(f) and 209 CMR 32.05B(4)(1)2.
(g) The variable-rate disclosures described in 209 CMR 32.05B(4)(1)8., 10., 11. and 12. as well as the disclosure described in 209 CMLR 32.05B(4)(e)3., unless the disclosures provided with the application were in a form the consumer could keep and included a representative payment example for the category of payment option chosen by the consumer.

In one of the few decisions interpreting G.L.c. 183C, Commonwealth v. H&R Block, SUCV2007-2447BLS1, n.l (Mass.Super. November 25, 2008) (Gants, J.) [25 Conn. L. Rptr. 92], Judge Gants explained: “In an [adjustable rate mortgage], the low introductory rate is generally fixed for the first two or three years of the loan, and then is adjusted to a variable rate based on a market rate of interest — the 6-month London Interbank Offered Rate (’LIBOR’) — plus ‘the rate add' — an additional percentage of interest (known as points) to reflect the high risk of the loan, e.g. LIBOR plus 5. The fully indexed rate is the LIBOR plus the rate add at the time the loan was issued. The ‘teaser’ rate is invariably considerably lower than the fully indexed rate. In most loans, there is a cap on the increase in points that may occur each time the rate adjusts, so the actual interest rate may not immediately reach the fully indexed rate at the first adjustment.” See also Commonwealth v. Fremont Investment & Loan, SUCV2007-4373BLS1 (March 31, 2008) (Gants, J.) [24 Conn. L. Rptr. 12], aff'd, 452 Mass. 733 (2008). While this definition seems to support the defendants’ interpretation of the law, it certainly does not foreclose the plaintiffs, which this court notes is supported by a compelling claim that the legislature did not intend a lender to be permitted to avoid G.L.c. 183C simply by easing the borrower out of the “introductory rate” over the course of a year or two.